Arnold B. Calmann
Katherine A. Escanlar
**SAIBER LLC**
18 Columbia Turnpike, Suite 200
Florham Park, NJ  07932
T: (973) 645-3333
abc@saiber.com
kescanlar@saiber.com

*Attorney for Plaintiff ASSA ABLOY Fenestration, LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ASSA ABLOY FENESTRATION, LLC,<br><br>Plaintiff,<br><br>v.<br><br>VISION INDUSTRIES GROUP, INC., A/K/A VISION HARDWARE, INC.,<br><br>Defendant. | Civil Action No._____<br><br>**JURY TRIAL DEMANDED**<br><br>*Document Filed Electronically* |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, ASSA ABLOY Fenestration, LLC ("Plaintiff" or "AAF"), by and through the undersigned counsel, files this Complaint for patent infringement against Defendant, Vision Industries Group, Inc., a/k/a Vision Hardware, Inc. ("Defendant" or "Vision Hardware"), and hereby alleges as follows:

**INTRODUCTION**

1. AAF is an industry leader in the provision of hardware solutions for windows, doors and beyond. AAF develops, manufactures, sells, and supports hardware solutions throughout North America, including hung window solutions. AAF has specialized in enhancing the hung window balance industry, including constant force balances.

2. AAF has been recognized among the world's most innovative companies, creating the next-generation of smart and sustainable products while providing a cost-effective solution for its customers and clients. AAF protects these proprietary hardware solutions via an extensive patent portfolio, which includes U.S. Patent No. 12,168,899 ("the '899 Patent").

3. This action arises out of competitor Vision Hardware's misappropriation of AAF's patented technology used in its window balance products including, for example, the CF1004SC product, rather than expending the time and resources necessary to independently develop its own window balance system.

## THE PARTIES

4. Plaintiff ASSA ABLOY Fenestration, LLC is a corporation organized and existing under the laws of the State of New York having a principal place of business at 475 Mile Crossing Blvd. Suite 4, Rochester, New York 14624.

5. Upon information and belief, Defendant Vision Industries Group, Inc. is a corporation organized and existing under the laws of the State of New Jersey doing business as Vision Hardware with its principal place of business at 480 Elizabeth Avenue, Somerset, New Jersey 08873.

## JURISDICTION AND VENUE

6. This is an action for patent infringement arising under the provisions of the Patent Laws of the United States, 35 U.S.C. §§ 271, 281 and 283-285. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. Vision Hardware is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or New Jersey Long Arm Statute. Vision Hardware is engaged in and maintains systemic business contacts within the State of New Jersey and has purposefully availed itself of the benefits and protections of New Jersey corporate law. Vision Hardware maintains its

principal place of business in Somerset, New Jersey. In addition, upon information and belief, Vision Hardware has engaged, and continues to engage, in substantial business in this judicial district, including: conducting at least a portion of the patent infringement alleged herein in New Jersey; (ii) targeting business activities towards consumers in the United States, including New Jersey, through at least fully interactive commercial Internet sites and stores; and/or (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in New Jersey. Upon information and belief, as a result of Vision Hardware's marketing, selling or offering for sale of its infringing product in the State of New Jersey, Plaintiff will lose sales and be injured in the State of New Jersey.

8. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## PATENT-IN-SUIT

9. On December 17, 2024, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 12,168,899 ("the '899 Patent"). A true and correct copy of the '899 Patent is attached hereto as Exhibit 1.

10. Plaintiff AAF is the owner of all right, title and interest in and to the '899 Patent, including the right to sue for and recover all past, present and future damages for infringement of the '899 Patent.

## DEFENDANT'S INFRINGING ACTS

11. Upon information and belief, Defendant is making, using, selling, offering to sell and/or importing in the United States window balance products that infringe one or more claims of AAF's '899 Patent under United States law.

12. A non-limiting example of Defendant's infringing products includes the CF1004SC window balance product that has been and is being manufactured, used, sold, and/or offered for sale in the United States (the "Accused Product").

13. Defendant's Accused Product is a window balance including a mounting bracket, a carrier comprising a housing (having first and second ends and an interior space), and a receiver supported by the carrier near the second end of the carrier. *See* Figure 1 below.



Figure 1. Window Balance.

14. Defendant's Accused Product includes a mounting bracket symmetrical about a plane and having a ledge and a vertical slot comprising a cantilevered wall at least partially defining a side of the slot. *See* Figures 2 and 3 below.



Figure 2.  Mounting Bracket (top view)



Figure 3. Mounting Bracket (side view).

5

15. Defendant's Accused Product includes a constant force curl spring having a curled portion at least partially located in the interior space of the housing and an uncurled portion extending outside of the interior space of the housing, where the uncurled end portion has a width and a thickness and is received in the slot and coupled to the ledge. *See* Figures 1 and 3 above.

16. The slot of the mounting bracket in Defendant's Accused Product is sized closely to fit at least one of the width and the thickness of the uncurled portion of the curl spring and limits movement of the uncurled portion of the curl spring relative to the mounting bracket in a direction generally perpendicular to the slot. *See* Figure 3 above.

## COUNT 1
### (INFRINGEMENT OF THE '899 PATENT)

17. Plaintiff repeats and realleges the allegations of Paragraphs 1 to 16 above, as if set forth herein.

18. Defendant has directly infringed, continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '899 patent by, among other things, making, using, offering for sale and/or selling the Accused Product that is covered by at least claims 1, 10, and 18 of the '899 Patent.

19. Upon information and belief, Defendant has indirectly infringed and is indirectly infringing at least claims 1, 10, and 18 of the '899 Patent by inducing others – including Defendant's distributors, resellers, dealers and customers – to directly infringe at least claims 1, 10, and 18 of the '899 Patent by using, offering for sale and/or selling the infringing products, and will continue to do so unless enjoined by this Court.

20. On information and belief, Vision Hardware has known about the '899 Patent since it issued in December 2024, or shortly thereafter. On information and belief, Vision Hardware has acted despite an objectively high likelihood that its actions constituted infringement of a valid

patent, and it knew or should have known that its actions demonstrated infringement of a valid patent. Vision Hardware has been on notice of its infringement of the '899 patent since at least the date of the service of this Complaint.

21. AFF has been, and continues to be, damaged and irreparably harmed by the infringement of the '899 Patent, which will continue to cause Plaintiff substantial and irreparable harm unless enjoined by this Court.

22. AFF, under 35 U.S.C. § 284, seeks damages adequate to compensate it for Vision Hardware's infringement.

23. The Court should declare this an exceptional case under 35 U.S.C. § 285, entitling AAF to recover its attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment that:

A. the '899 patent is directly infringed by Defendant;

B. the '899 patent is indirectly infringed by Defendant;

C. An order preliminarily and permanently enjoining Defendant, its principals, officers, directors, employees, agents, successors, assigns, and all persons in active concert with it from infringing, contributing to or inducing others to infringe, the '899 patent, including without limitation all manufacturing, using, selling, offering to sell, and importing the infringing products in the United States prior to the expiration of the '899 patent;

D. Plaintiff be awarded damages adequate to compensate it for Defendant's infringement of the '899 patent including lost profits, but in an amount no less than a reasonable royalty, and that such damages be trebled according to 35 U.S.C. § 284;

E. this case is exceptional within the meaning of 35 U.S.C. § 285, and that all costs and expenses of this action, including reasonable attorneys' fees, be awarded to Plaintiff; and

F.      Plaintiff be awarded such further relief as the Court may deem just, necessary, and/or proper.

### JURY DEMAND

Plaintiff demands a trial by jury pursuant to Fed. R. Civ. P. 38(b).

Dated: May 1, 2025

Respectfully submitted,

**SAIBER LLC**

*Attorneys for Plaintiff ASSA ABLOY Fenestration, LLC*

s/ *Arnold B. Calmann*
Arnold B. Calmann
Katherine A. Escanlar
18 Columbia Turnpike, Suite 200
Florham Park, NJ  07932
T: (973) 645-3333
abc@saiber.com
kescanlar@saiber.com

OF COUNSEL:

Joseph A. Hynds
Sharon L. Davis
Bryan B. Thompson
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
901 New York Ave., Suite 900
Washington, DC 20001
T: (202) 783-6040
F: (202) 783-6031
jhynds@rothwellfigg.com
sdavis@rothwellfigg.com
bthompson@rothwellfigg.com

*Attorneys for Plaintiff ASSA ABLOY Fenestration, LLC*

## LOCAL CIVIL RULE 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2, the undersigned counsel for Plaintiff ASSA ABLOY Fenestration, LLC hereby certify that this matter in controversy is not the subject of any other action in any other court, or of any pending arbitration or administrative proceeding.

Dated: May 1, 2025

Respectfully submitted,

**SAIBER LLC**

*Attorneys for Plaintiff ASSA ABLOY Fenestration, LLC*

By: s/ *Arnold B. Calmann*
Arnold B. Calmann
Katherine A. Escanlar
18 Columbia Turnpike, Suite 200
Florham Park, NJ  07932
(973) 622-3333
abc@saiber.com
kescanlar@saiber.com

## LOCAL CIVIL RULE 201.1 CERTIFICATION

Under Local Civil Rule 201.1, the undersigned counsel for Plaintiff ASSA ABLOY Fenestration, LLC hereby certify that Plaintiff seeks injunctive and other equitable relief, and therefore this action is not appropriate for compulsory arbitration.

Dated: May 1, 2025                              Respectfully submitted,

                                                            **SAIBER LLC**

*Attorneys for Plaintiff ASSA ABLOY Fenestration, LLC*

By: s/ *Arnold B. Calmann*
Arnold B. Calmann
Katherine A. Escanlar
18 Columbia Turnpike, Suite 200
Florham Park, NJ  07932
(973) 622-3333
abc@saiber.com
kescanlar@saiber.com